SAMUEL BARKER     *     NO. 2022-C-0629

VERSUS     *

      **COURT OF APPEAL**

H2 LAW, LLC AND AUTUMN     *
HARRELL       **FOURTH CIRCUIT**

    *

      **STATE OF LOUISIANA**

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-01747, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
**On Application for Rehearing**

(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge
Tiffany Gautier Chase)


Ralph R. Alexis, III
Glenn B. Adams
Corey D. Moll
PORTEUS, HAINKEL, AND JOHNSON, LLP
704 Carondelet Street
New Orleans, LA 70130


      COUNSEL FOR RELATOR



Samuel Barker
*Pro Se*

      PRO SE RESPONDENT


           **REHEARING GRANTED;**
           **RELIEF DENIED;**
           **APPELLATE JUDGMENT**
           **OF OCTOBER 10, 2022**
           **MAINTAINED**
           **OCTOBER 26, 2022**

TGC

RLB

PA

B

Respondent/Plaintiff, Samuel Barker (hereinafter "Mr. Barker"), requests reconsideration of our previous opinion rendered on October 10, 2022, in the above captioned case. Based on Mr. Barker's filings with this Court, we hereby grant rehearing for the sole purpose of considering Mr. Barker's opposition to the original writ application filed by Relators/Defendants, H2 Law LLC and Autumn Harrell (hereinafter collectively referred to as "H2 Law"). For the foregoing reasons, we grant rehearing, deny relief and maintain our original judgment of October 10, 2022.

On September 22, 2022, H2 Law filed a writ application with this Court requesting review of the trial court's judgment on its peremptory exception of no cause of action, which the trial court granted in part and denied in part, as to H2 Law's legal malpractice claim. This Court requested a *per curiam* from the trial court which was received several days later.

A review of the supervisory writ application indicated that H2 Law's arguments had merit. Thus, on October 10, 2022, this Court issued an opinion reversing the trial court's denial of H2 Law's exception of no cause of action. A

copy of the opinion was transmitted to all parties including Mr. Barker. Two days later, on October 12, 2022, this Court received correspondence from Mr. Barker, who is incarcerated, indicating his intent to file an opposition to H2 Law's application for supervisory writ.[1] Thus, in the interest of justice, and in order to give Mr. Barker the opportunity to oppose the writ application, this Court issued an order permitting him an opportunity to file an opposition.[2]

This Court received "Plaintiff's Preliminary Objections to the Judgment an [sic] Alternative Notices" on October 20, 2022. The next day, Mr. Barker's "Objection to Status as Rehearing" was received. Mr. Barker's preliminary objections and alternative notices sets forth reasons as to why he believes this Court erred in its October 10, 2022 opinion. Mr. Barker's "Objections to Status as Rehearing" reiterates his position argued in the trial court that H2 Law failed to provide adequate legal services to him. Essentially, Mr. Barker's objections attempt to re-argue his legal malpractice claim.

---

[1] Mr. Barker contends that he requested to file an opposition to H2 Law's writ application six days prior to publication of this opinion. Mr. Barker's request to file an opposition is dated October 4, 2022; however, that date indicates when Mr. Barker's request was received by the Legal Programs Department at Louisiana's State Penitentiary. This Court received notice of Mr. Barker's request on October 12, 2022, two days after the opinion was released in this matter.

[2] Procedurally, this Court decided not to withdraw its opinion as Rule 16, Local Rules, Court of Appeal, Fourth Circuit Court, provides that this Court may adjudicate the [writ] application at any time after receipt, with or without the benefit of response.

Accordingly, after reviewing Mr. Barker's filings, we find that he fails to produce any legal basis to support his arguments or warrant an amendment to this Court's original opinion. We therefore maintain our original opinion of October 10, 2022.

**REHEARING GRANTED;**
**RELIEF DENIED;**
**APPELLATE JUDGMENT**
**OF OCTOBER 10, 2022**
**MAINTAINED**